IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTOINNE LEWIS SMITH | * | |
|     Plaintiff, | | |
| v. | * | CIVIL ACTION NO. PWG-14-679 |
| HESHMAT, MD, AHMED YEHIA, | * | |
| SHADY GROVE HOSPITAL, | | |
| BALTIMORE COUNTY DETENTION | * | |
|   CENTER MEDICAL STAFF & | | |
| COMPANY, | * | |
| MONTGOMERY COUNTY | | |
|   CORRECTIONAL FACILITY STAFF & | * | |
| COMPANY, | | |
|     Defendants. | * | |

*****

**MEMORANDUM**

**I. Background**

On March 4, 2014, plaintiff Antoinne Lewis Smith, a former prisoner at both the Montgomery County Correctional Facility ("MCCF") and the Baltimore County Detention Center ("BCDC"), filed a self-represented 42 U.S.C. § 1983 civil rights complaint for damages against Defendants. His complaint allegations have been generously construed to allege that Defendants have been "tampering with [his] paperwork and refusing [him] medical treatment." Smith complains that in November and December of 2013, Dr. Heshmat[1] covered up injuries he suffered at the hands of MCCF officers. Compl., ECF No. 1. He claims that Defendants refused to provide him needed surgery for his back and "head damages" and the "right medical treatment" for a knot on his left ear and chronic shoulder pain. *Id.* at 3.

---

[1]     Smith states that Heshmat is a physician or physician's assistant seen on his visits to Shady Grove Hospital. Compl. 1, 3 & Ex. 1, ECF No. 1-1. Although "Hesmat, MD" and "Ahmed Yehia" appear on the docket as separate defendants, "Ahmed Yehia Hesmat, MD" is one person, and the docket shall be updated accordingly. *See id.*

Defendants "Montgomery County Correctional Facility Staff and Company" and "Baltimore County Detention Center Medical Staff and Company" have filed motions to dismiss, which Smith has opposed. ECF Nos. 12, 14, 19 & 21.[2] The motions to dismiss shall be granted without oral hearing. *See* Local Rule 105.6 (D. Md. 2014). Further, Smith's claim against Shady Grove Hospital shall be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo,* No. RDB–12–237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This Rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* (quoting *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal,* 556 U.S. at 678–79; *see Velencia,* 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663. Moreover, when a prisoner

---

[2] ECF Nos. 14 and 21, which Plaintiff styled as "Motions to Proceed," are construed as oppositions and denied. *See* Fed. R. Civ. P. 1.

2

files a complaint and proceeds *in forma pauperis*, as Plaintiff does, *see* ECF No. 8, this Court must conduct a preliminarily review of complaint allegations before service of process and dismiss them if satisfied that the complaint has no factual or legal basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Smith proceeds *pro se,* and therefore his complaint receives liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Smith of the requirements of factual support in the Rules relevant to his filing. *See Holsey v. Collins,* 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens,* 561 F.2d 560, 562–63 (4th Cir. 1977)). The Fourth Circuit has stated:

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. *Corcoran v. Yorty,* 347 F.2d 222, 223 (9th Cir.), *cert. denied,* 382 U.S. 966 (1965); *Holsey v. Collins,* 90 F.R.D. 122, 128 (D.Md.1981). District courts are not required to be mind readers, or to conjure questions not squarely presented to them. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985), *cert. denied,* 475 U.S. 1088 (1986).

*Harris v. Angliker,* 955 F.2d 41, 1992 WL 21375, at *1 (4th Cir. Feb. 10, 1992).

### III. Discussion

**Facts**

This Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party, *see Scott v. Harris,* 550 U.S. 372, 378 (2007); *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and liberally construes Smith's pleadings in light of the fact that he is self-represented. *See Gordon v. Leek,* 574 F.2d 1147, 1151 (4th Cir. 1978). In his unverified complaint Smith claims that he was denied medical treatment.

**Legal Analysis**

In its motion to dismiss, Defendant "Montgomery County Correctional Facility Staff and

3

Company" asserts that it is not an entity subject to suit and that alternatively, Smith has failed to state a claim upon which relief can be granted. It further argues that Smith's own allegations establish that he was receiving medical treatment and his allegations fail to set out a claim of deliberate indifference on the part of correctional and medical staff. In his opposition, Smith seemingly claims that Dr. Heshmat worked at Shady Grove Hospital and the Montgomery County Correctional Facility, also worked as a physician's assistant at the Baltimore County Detention Center, and in December of 2013, misdiagnosed him as having an old fracture to his skull. He claims he never received treatment, although he wrote to prison administrators.[3] *Id.* Defendant "Baltimore County Detention Center Medical Staff and Company" argues that Smith has failed to state a claim upon which relief may be granted and that it is not an entity subject to suit.[4]

Title 42 U.S.C. § 1983 provides for a civil action for the deprivation of rights and states that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

---

[3] In his exhibits, Smith attaches internal complaint forms and memos written while confined at the BCDC. Pl.'s Mot. to Proceed Ex. 1, ECF No. 14-1.

[4] In *Smith v. Richardson*, Civil Action No. PWG-14-1042 (D. Md.), Smith sued BCDC administrators, alleging that he was denied "the right medical treatment." In entering judgment in the administrators' favor, I noted that, while confined at BCDC for a four and one-half month period, Smith received medications, was provided physical therapy and lumbar traction therapy at the University of Maryland Hospital Center, and received a Doppler study of his leg and x-rays of his shoulder. ECF No. 17 in PWG-14-1042. No abnormalities or damage was noted. *Id.*

It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"). Where, as here, Smith has named "Montgomery County Correctional Facility Staff and Company," the "Baltimore County Detention Center Medical Staff and Company," and "Shady Grove Hospital" as defendants, he has failed to name the proper persons subject to § 1983 liability. *See, e.g., Brownlee v. Williams*, No. 2:07–0078 DCN RSC, 2007 WL 904800, at *2 (D.S.C. Mar. 22, 2007) (collecting cases in which "courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law" (citing *Allison v. Cal. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (prison not a "person"); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) (same); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) (same)); *see also Jones v. Nw. Reg. Adult Detention Ctr.*, No. 7:12–cv–365, 2012 WL 6564486, at *1 n. 2 (W.D. Va. Dec. 17, 2012) ("Administration" or a "group of personnel" also "is not a 'person for purposes of § 1983.") (citing *Ferguson v. Morgan*, No. 1:90cv06318, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991)); *see generally* 5 Charles Alan Wright, et al., Fed. Prac. & Proc. § 1230 (2002). Therefore, the motions to dismiss shall be granted, and the claim against Shady Grove Hospital shall be dismissed *sua sponte*. *See* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii).

**IV. CONCLUSION**

The motions to dismiss that Defendants "Montgomery County Correctional Facility Staff and Company" and "Baltimore County Detention Center Medical Staff and Company" filed shall be granted. The claims against these entities and Shady Grove Hospital shall be dismissed.

Additionally, although the U.S. Marshal was ordered to effect service because Plaintiff was authorized to proceed *in forma pauperis*, it nonetheless was Plaintiff's responsibility to "hav[e] the summons and complaint served within the time allowed by Rule 4(m)" and to "furnish the necessary copies to the person who makes service." *See* Fed. R. Civ. P. 4(c)(1), (3). Almost a year has passed since Plaintiff filed suit, and it does not appear from the docket that service of process was effected on Dr. Heshmat. *See* Fed. R. Civ. P. 4(m) (120 days for service); Loc. R. 103.8 (D. Md. 2011). Because the Court record does not show that Plaintiff has had the last remaining defendant, Dr. Heshmat, served, the Court has no alternative but to consider dismissal of the action. Plaintiff shall be given the opportunity to show cause why the case should not be dismissed.

A separate Order shall be entered reflecting the rulings entered in this decision.

Date: 0/27/15

Paul W. Grimm
United States District Judge

6